UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PACIFIC CAPRO INDUSTRIES, d/b/a CAPRO INDUSTRIES, <br><br> Plaintiff, <br><br> -vs- <br><br> GLOBAL ADVANTAGE DISTRIBUTION WAREHOUSE, LLC d/b/a GLOBAL ADVANTAGE DISTRIBUTION WAREHOUSE, INC., GLOBAL ADVANTAGE DISTRIBUTION, INC., GLOBAL ADVANTAGE HOLDING, LLC, MATTHEW J. CRAWLEY, KEVIN C. SNOW and ERIC C. GIBSON, <br><br> Defendants. | Civil Action No.: 4:08-4155-RBH-TER <br><br><br><br> **REPORT AND RECOMMENDATION** |

I.   **INTRODUCTION**

In this action, Plaintiff asserts causes of action for breach of contract, intentional and negligent misrepresentation, conversion, unfair trade practices, tortious interference with contracts, disgorgement, civil conspiracy, and unjust enrichment/restitution. Presently before the Court is Defendants Kevin C. Snow's and Eric C. Gibson's Motion to Dismiss or, in the Alternative, for Summary Judgment (Document # 14).¹ Because Defendant Matthew J. Crawley is proceeding pro se, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of

---

¹A Motion to Strike (Document # 53) the Answer of Defendants Global Advantage Distribution Warehouse, LLC d/b/a Global Advantage Distribution Warehouse, Inc., Global Advantage Distriubtion, Inc., Global Advantage Holding, LLC and Matthew. J. Crawley is also pending. However, the Response time for that Motion has not yet run. Once the Motion is ripe for disposition, a separate Report and Recommendation will be entered.

28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. This Report and Recommendation is entered for review by the district judge.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges upon information and belief that Defendants Global Advantage Distribution Warehouse, LLC d/b/a Global Advantage Distribution Warehouse, Inc., Global Advantage Distribution, Inc. and Global Advantage Holding, LLC (collectively "Global") are alter egos and/or parent companies and/or successors in interest to each other. Complaint ¶ 9. Plaintiff alleges that it entered into a contract with Global sometime after June 2, 2005, but prior to September 2005, to use Global's storage and distribution warehouse located in Myrtle Beach, South Carolina. Complaint ¶¶ 10, 12. Global advertised on its website its storage rate as "FREE MONTHLY WAREHOUSE STORAGE" and confirmed this rate in an email to Plaintiff. Complaint ¶ 12. In reliance on the representations made by Global, Plaintiff incurred costs to transport its goods from its then existing warehouse to Global's warehouse. Complaint ¶ 14. On January 3, 2006, Global notified Plaintiff that it had unilaterally changed its rate policy to fifty cents ($.50) per square foot per month on all current goods stored at its facility. Complaint ¶ 17. Plaintiff alleges Global invoiced Plaintiff for storage fees on several occasions in clear violation of Plaintiff's advertised rates. Complaint ¶¶ 18-22. In March 2006, Plaintiff and Global renegotiated the terms of their agreement and Plaintiff forwarded Global a check on April 4, 2006, in compliance with the new negotiated agreement. Complaint ¶¶ 24-25. After Global deposited Plaintiff's check, it informed Plaintiff that it had 45 days to remove all of its good from the warehouse, which violated the terms of the March 2006 agreement. Complaint ¶¶ 26-27. Upon removal of its goods from Global's warehouse, Plaintiff discovered that many pallets were damaged and/or missing completely, resulting in unnecessary costs to Plaintiff. Complaint ¶¶ 29-31.

Plaintiff alleges it suffered damages in excess of $88,885.50. Complaint ¶ 32.

With respect to Defendants Snow and Gibson, Plaintiff asserts causes of action for disgorgement, civil conspiracy and unjust enrichment/restitution. Specifically, Plaintiff alleges,

> 70. On or about December 6, 2006, Defendants Crawley, Snow and Gibson (collectively "Members") executed the Articles of Organization documents to form Global Advantage Distribution, LLC.
>
> 71. On or about July 31, 2008, Defendant Snow executed Articles of Termination of Global Advantage Distribution LLC certifying that the LLC had wound up its business and terminated its legal existence.
>
> 72. Prior to the decision to terminate the existence of Global Advantage Distribution LLC, the Members had actual knowledge of a lawsuit filed by Capro in the United States District Court for the and the claims advanced therein by Capro.
>
> 73. Members failed to provide Capro with notice that they intended to dissolve and terminate the existence of Global Advantage Distribution, LLC.
>
> 74. Upon information and belief, the Members distributed all assets of Global Advantage Distribution, LLC to themselves and failed to pay creditors, like Capro, who have made a claim on the assets of Global.
>
> 75. Such distribution violated S.C. Code Ann. § 33-44-806.
>
> ***
>
> 78. Members engaged in conduct with the intent to injure Capro by diverting the assets of Global Advantage Distribution LLC to themselves prior to the adjudication of the known claims by Capro against Global Advantage Distribution LLC.
>
> 79. Capro has incurred actual and special damages, including, but not limited to additional attorneys' fees and costs.
>
> ***
>
> 81. Upon information and belief, Capro has conferred a non-gratuitous benefit on Members in the form of assets of Global Advantage Distribution, LLC that should have been held for the benefit of Capro's claims, but instead were improperly distributed to the Members and in the form of unreturned goods to Capro.
>
> 82. Upon information and belief, the Members have realized some value of that benefit.
>
> 83. It would be inequitable for the Members to retain the benefit without paying Capro the value of its claim.

Complaint ¶¶ 70-75, 78-79, 81-83.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(6), Fed.R.Civ.P.

The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

> Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:
>
> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

If the court considers "matters outside the pleadings" when deciding a motion under Rule 12(b)(6), the motion "must be treated as one for summary judgment under Rule 56" and all parties must have a "reasonable opportunity to present all the material that is pertinent to the motion."

Fed.R.Civ.P. 12(d).

### B. Rule 56, Fed.R.Civ.P.

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322.  See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.  DISCUSSION

Defendants Snow and Gibson argue that dismissal of Plaintiff's claims against them is appropriate pursuant to Rule 12(b)(6), Fed.R.Civ.P. because even assuming the facts alleged by Plaintiff are true, Plaintiff has failed to state a claim against them.  Defendants Snow and Gibson assert that they each held a ten percent member interest in Global Advantage Distribution Warehouse, LLC, and as alleged in Plaintiff's complaint, Global Advantage Distribution Warehouse, LLC[2] was not formed until December of 2006, after Plaintiff removed its goods from Global's warehouse.  Defendants Snow and Gibson argue generally that Global Advantage Distribution Warehouse, LLC had no liability for Plaintiff's claims and Plaintiff was not a creditor of Global Advantage Distribution Warehouse, LLC.  However, Defendants Snow and Gibson argue facts outside the Complaint.  Based upon the allegations in the Complaint, Defendants Global Advantage Distribution Warehouse, LLC d/b/a Global Advantage Distribution Warehouse, Inc., Global Advantage

---

[2]Actually, the Complaint alleges that Global Advantage Distribution, LLC came into existence in December of 2006, not Global Advantage Distribution <u>Warehouse</u>, LLC.

Distribution, Inc. and Global Advantage Holding, LLC are alter egos and/or parent companies and/or successors in interest to each other. Assuming these facts to be true, it is plausible that Global Advantage Distribution Warehouse, LLC and Defendants Snow and Gibson are liable for the misconduct alleged by Plaintiff. Thus, dismissal pursuant to Rule 12(b)(6) is inappropriate.

In the alternative, Defendants Snow and Gibson argue that summary judgment is appropriate and attach their affidavits as well as the Articles of Organization for Global Advantage Distribution Warehouse, LLC and a Search Result from the website for the Secretary of State.

Defendants Snow and Gibson argue that, even assuming Global Advantage Distribution Warehouse, LLC is a successor to Global Advantage Distribution, Inc., the successor does not maintain any liability for the transferee's debts and liabilities in the absence of a statute unless one of four exceptions applies: (1) express agreement to assume such debt; (2) consolidation or merger; (3) continuation of the predecessor; or (4) fraudulent transfer for the purpose of defeating creditors claims. Brown v. American Railroad Express Co., 128 S.C. 428, 123 S.E. 97 (1924); Simmons v. Mark Lift Industries, Inc., 366 S.C. 308, 622 S.E.2d 213 (2005); Walton v. Mazda of Rock Hill, 376 S.C. 301, 657 S.E.2d 67 (Ct. App. 2008). With respect to the third exception when successor liability may be imposed, the South Carolina Supreme Court has clarified its application, noting that "the majority of courts interpreting the mere continuation exception have found it applicable only when there is commonality of ownership, i.e., the predecessor and successor corporations have substantially the same officers, directors, or shareholders. Simmons, 366 S.C. at 316 n.1, 622 S.E.2d at 215 n.1. Further, in Walton, the court confirmed that to "meet the fraud exception to successor liability, the general rule is that a successor must knowingly participate in a fraudulent asset transfer." Walton, 376 S.C. at 307, 657 S.E.2d at 70.

In their Affidavits, Defendants Snow and Gibson assert there was no express agreement that Global Advantage Distribution Warehouse, LLC would assume responsibility for any of Global Advantage Distribution, Inc.'s debts; Global Advantage Distribution Warehouse, LLC is not merely the result of a merger with Global Advantage Distribution, Inc. and there was no consolidation; Global Advantage Distribution Warehouse, LLC was not merely a continuation of Global Advantage Distribution, Inc., and there is a substantive difference between Global Advantage Distribution Warehouse, LLC and Global Advantage Distribution, Inc.; there is no commonality of ownership, and Global Advantage Distribution Warehouse, LLC and Global Advantage Distribution, Inc. do not have the same officers, directors, shareholders, or members; the formation of Global Advantage Distribution Warehouse, LLC was not fraudulent and was not made for the purpose of circumventing Global Advantage Distribution, Inc.'s creditors; and they did not knowingly participate in any fraudulent asset transfer. Snow Aff. ¶¶ 8-14; Gibson Aff. ¶¶ 8-14.

Plaintiff argues that the Motion is premature as a Motion for Summary Judgment because the parties have not had an adequate time to conduct discovery. At the time the present Motion was filed, this case had been pending for approximately four months and the discovery deadline had not even been established. Generally, summary judgment is granted only after the parties have had "adequate time for discovery," Celotex, 477 U.S. at 322; Temkin v. Frederick County Comm'rs, 945 F.2d 716, 719 (4th Cir.1991) ("Summary judgment may only be entered after adequate time for discovery."). Plaintiff argues that, at the time the Motion was filed, it had not had a full and fair opportunity to develop the facts and establish through discovery each essential element of its case. The undersigned agrees and finds that Defendants Snow and Gibson's Motion was premature at the time it was filed. Thus, it is recommended that the Motion be denied without prejudice and with

leave to refile once discovery has been completed. The undersigned assumes that the parties have engaged in discovery since the filing of the present motion and that they will be able to comply with the deadlines set forth in the Amended Scheduling Order.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Defendants Snow and Gibson's Motion to Dismiss or, in the Alternative, for Summary Judgment (Document # 14) be denied without prejudice and with leave to refile once discovery has been completed.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 16, 2010
Florence, South Carolina

**The parties are directed to the important notice on the attached page.**