IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Pacific Capro Industries d/b/a Capro Industries, | C/A No.: 4:08-4155-RBH-SVH |
| Plaintiff, | |
| vs. | |
| Global Advantage Distribution Warehouse, LLC d/b/a Global Advantage Distribution Warehouse, Inc., Global Advantage Distribution, Inc., Global Advantage Holding, LLC, Matthew J. Crawley, Kevin C. Snow and Eric C. Gibson, | REPORT AND RECOMMENDATION |
| Defendants. | |

I.  Introduction

In this action, Plaintiff Pacific Capro Industries d/b/a Capro Industries asserts causes of action for breach of contract, intentional and negligent misrepresentation, conversion, unfair trade practices, tortious interference with contracts, disgorgement, civil conspiracy, and unjust enrichment/restitution against Defendants Global Advantage Distribution Warehouse, LLC d/b/a Global Advantage Distribution Warehouse, Inc. ("Warehouse"), Global Advantage Distribution, Inc. ("Distribution"), Global Advantage Holding, LLC ("Holding") (collectively "Global" or "Global Defendants"), Matthew J. Crawley, Kevin C. Snow, and Eric C. Gibson. Holdings owns real property in Myrtle Beach, and Crawley is its sole member. Distribution leased the real property owned by Holdings and operated a warehouse facility; Crawley is the sole member of Distribution.

Warehouse was formed in December 2006 and took over the operation of the warehouse from Distribution in January 2007 before dissolving in August 2008; its members were Crawley, Snow and Gibson. Defendants Snow and Gibson are represented by counsel. Defendant Crawley is proceeding *pro se.* The Global Defendants are not represented. Because Defendant Crawley is proceeding *pro se*, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) (D.S.C.)

II.  Factual Allegations

Plaintiff alleges upon information and belief that the Global Defendants are alter egos and/or parent companies and/or successors in interest to each other. (Compl. ¶ 9). Plaintiff alleges that it entered into a contract with Global sometime after June 2, 2005, but prior to September 2005, to use Global's storage and distribution warehouse located in Myrtle Beach, South Carolina. (Compl. ¶¶ 10, 12). Global advertised on its website its storage rate as "FREE MONTHLY WAREHOUSE STORAGE" and confirmed this rate in an email to Plaintiff. (Compl. ¶ 12). In reliance on the representations made by Global, Plaintiff incurred costs to transport its goods from its then-existing warehouse to Global's warehouse. (Compl. ¶ 14). On January 3, 2006, Global notified Plaintiff that it had unilaterally changed its rate policy to fifty cents ($.50) per square foot per month on all current goods stored at its facility. (Compl. ¶ 17). Plaintiff alleges Global invoiced Plaintiff for storage fees on several occasions in clear violation of Plaintiff's advertised rates. (Compl. ¶¶ 18-22). In March 2006, Plaintiff and Global renegotiated the terms of

their agreement and Plaintiff forwarded Global a check on April 4, 2006, in compliance with the new negotiated agreement. (Compl. ¶¶ 24-25). After Global deposited Plaintiff's check, it informed Plaintiff that it had 45 days to remove all of its good from the warehouse, which Plaintiff claims violated the terms of its March 2006 agreement. (Compl. ¶¶ 26-27). Upon removal of its goods from Global's warehouse, Plaintiff discovered that many pallets were damaged and/or missing completely, resulting in unnecessary costs to Plaintiff. (Compl. ¶¶ 29-31). Plaintiff alleges it suffered damages in excess of $88,885.50. (Compl. ¶ 32). With respect to Defendants Snow and Gibson, Plaintiff asserts causes of action for disgorgement, civil conspiracy and unjust enrichment/restitution.

III.  Procedural History

Plaintiff filed this action on December 30, 2008. Defendant Holding file an answer on March 24, 2009 [Entry #9]. Defendants Warehouse, Distribution, and Crawley filed their answer on March 24, 2009 [Entry #10]. Counsel for the Global Defendants and Crawley filed a motion to withdraw [Entry # 23] on August 24, 2009 on the grounds that, inter alia, Global and Crawley failed to assist and cooperate in counsel's representation of them in this matter or to pay their invoices. On October 6, 2009, the court scheduled a hearing on the motion to withdraw for November 3, 2009, and informed counsel for these defendants that they must notify their clients that Crawley and representatives for the Global MUST be present at the hearing, which they did as evidenced by the Certificate of

Service [Entry # 39] filed by counsel for these defendants. Neither Crawley nor a representative for the Global Defendants was present at the hearing.

Thereafter, the court granted the Motion to Withdraw as Counsel [Entry # 23]. In its order, the court noted that because the Global Defendants may not proceed *pro se*, they must obtain counsel and counsel must file a Notice of Appearance in this court by January 8, 2010, and that failure to obtain counsel by January 8, 2010, may result in a recommendation that default judgment be entered against these Defendants. The order provided that Crawley, individually, may represent himself if he so chooses, but not the Global Defendants. Further, the order provided that if Crawley chose to represent himself (or otherwise failed to have counsel file a notice of appearance on his behalf by January 8, 2010), he would be solely responsible for the defense of the claims against him, which includes abiding by the rules of this court, as well as all scheduling order deadlines. The court further advised that if Crawley proceeded *pro se*, he must always keep the Clerk of Court advised in writing if his address changes for any reason, so as to assure that he will receive orders or other matters that specify deadlines to be met. The order was mailed to Crawley on November 5, 2009, and was not returned. Because Crawley did not inform the court by January 8, 2010 that he had retained substitute counsel, the court proceeded to consider his representation in this matter as *pro se*. The Global Defendants failed to comply with the court's order that counsel appear on their behalf by January 8, 2010.

Separately, on October 7, 2010, counsel for defendants Snow and Gibson filed a motion to withdraw and to substitute Attorney Brown W. Johnson in their stead. By

order dated October 23, 2009 [Entry # 29], the court granted the motion and substituted Attorney Johnson to represent defendants Snow and Gibson.

On February 8, 2010, Plaintiff filed a motion to strike the answers of the Global Defendants and Crawley to the complaint based on their failure to obtain counsel by January 8, 2010, as directed by the court and Crawley's failure to respond to discovery in this matter. In addition to the motion to strike, Plaintiff filed a series of discovery motions against Crawley and Global Defendants' two accounting firms, WebsterRogers and M. Paul Willis, to have them produce documents requested by subpoenas relating to various accounting, financial and organization records of the Global Defendants.[1]

On April 1, 2010, this case was reassigned to the undersigned for pretrial handling, and a notice of the reassignment and change in case number was mailed to Crawley. The notice was not returned. On June 15, 2010, the court issued a notice of hearing on all pending motions, which notice the clerk's office mailed to Crawley. On June 18, 2010, the court issued a notice of rescheduled hearing, which the clerk's office mailed to Crawley. Both the June 15 and June 18 notices were returned to the court as undeliverable.

---

[1] Plaintiff filed the following discovery motions: (1) Motion to Compel WebsterRogers, LLP to Comply with Subpoena [Entry #63]; (2) Motion for Rule to Show Cause related to WebsterRogers, LLP [Entry #64]; (3) Motion to Compel Matthew Crawley to Comply with Subpoenas [Entry #66]; (4) Motion for Rule to Show Cause related to Matthew Crawley [Entry #67]; (5) Motion to Compel Paul Willis to Comply with Subpoena [Entry #69]; and (6) Motion for Rule to Show Cause related to M. Paul Willis [Entry #70].

No opposition was filed to any of the seven discovery motions, nor to the motion to strike. Because the motion to strike would effectively render the Global Defendants and Crawley in default, the undersigned is treating it as a dispositive motion and prepares this Report and Recommendation on that motion alone, consistent with the court's indication in its prior Report and Recommendation (See fn 1 of Entry #54 that "Once the Motion [to Strike] is ripe for disposition, a separate Report and Recommendation will be entered."). A separate order on the discovery motions issued on July 12, 2010 [Entry #85].

IV. Motion to Strike

The court held a hearing on July 12, 2010, on the motion to strike and discovery motions. Present at the hearing were counsel for Plaintiff and Attorney Johnson for defendants Snow and Gibson. Crawley did not appear at the hearing, nor did anyone appear on behalf of the Global Defendants.

The court heard from Plaintiff's counsel concerning the factual and procedural history of this matter, including a recitation of the earlier action Plaintiff filed against defendants Distribution, Holdings and Crawley, which suit Plaintiff voluntarily dismissed after discovering its claims against Warehouse, Snow, and Gibson. Plaintiff then filed this action naming as defendants all the Global Defendants, as well as Crawley, Snow, and Gibson. Plaintiff expounded on its difficulties in obtaining the cooperation of Crawley in discovery in this (and the prior) action. Plaintiff recited from Crawley's

February 2010 deposition, in which he renounced defense of the Global Defendants. Attorney Johnson was present at Crawley's deposition.

In the face of a non-cooperating defendant in Crawley and unrepresented corporate entities, Plaintiff felt compelled on February 8, 2010, to file a motion to strike the answers to the complaint of the Global Defendants and Crawley. Although having failed to file any opposition to the motion to strike in the intervening five months, at the hearing, Attorney Johnson orally objected to the striking of the Global Defendants' answer. While it is unclear that Attorney Johnson has any standing to object to striking the answer of defendants other than his own clients, his purported basis for objecting was that striking the answer may negatively impact Snow and Gibson, as they are each ten percent minority shareholders in Warehouse, and potentially thereby subject them to liability. Attorney Johnson then orally moved to substitute as counsel for the Global Defendants. Plaintiff strenuously objected to Attorney Johnson's untimely objection to the motion to strike and his oral motion to substitute as counsel.

The court denied Attorney Johnson's oral motion to substitute as counsel for the Global Defendants as improvident. The motion is untimely, fails to comply with the Local Rules, and is asserted unaccompanied by the sole/majority shareholder's consent. The court provided the Global Defendants with ample opportunity to obtain representation by January 8, 2010, and they failed to do so. Attorney Johnson has participated in this litigation in representing defendants Snow and Gibson since October 2009 and has had many months to consider the impact of the Global Defendants'

impending default on his clients since becoming aware of the non-representation of the Global Defendants.

While Snow and Gibson may have legitimate concerns about the Global Defendants' default, the resolution of those concerns is not to have their counsel substitute as counsel for the Global Defendants, whose interests are not aligned with their own interests.  For the court to permit Attorney Johnson to simultaneously represent Snow and Gibson and the Global Defendants would ignore a clear conflict of interest and unnecessarily complicate this matter.  Further, Snow and Gibson are not without a remedy, such as a minority shareholder derivative suit or an indemnification claim.

Having considering the briefs, the arguments of counsel, the record in this case, and the pertinent law, the undersigned recommends that Plaintiff's motion to strike be granted based on the Global Defendants' failure to obtain counsel by January 8, 2010 as directed by the court and Crawley's failure to respond to discovery in this matter.

V.  Conclusion

For the reasons discussed above, it is recommended that Plaintiff's Motion to Strike be granted [Entry # 53].[2]

---

[2] After the district judge's ruling on the matters contained herein, the undersigned will issue an amended scheduling order, which will address Plaintiff's Motion for Extension of Time [Entry #56].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 13, 2010　　　　　　　　　　　　　　　　Shiva V. Hodges
Florence, South Carolina　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**