IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Pacific Capro Industries d/b/a Capro Industries, ) | C/A No. 4:08-cv-4155-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Global Advantage Distribution Warehouse, ) LLC, d/b/a Global Advantage Distribution ) Warehouse, Inc.; Global Advantage ) Distribution, Inc.; Global Advantage ) Holding, LLC; and Matthew J. Crawley. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter comes before the Court on the Plaintiff's Motion for Relief Pursuant to Rule 60(b), Fed. R. Civ. P. (Dkt. No. 146).

**PROCEDURAL HISTORY**

The Plaintiff Pacific Capro Industries, d/b/a Capro Industries (hereafter referred to as "Capro") filed the instant action for breach of contract, intentional and negligent misrepresentation, conversion, unfair trade practices, and tortious interference with contract as to the Global defendants. The Complaint alleged causes of action against Defendant Crawley for disgorgement, civil conspiracy, and unjust enrichment. On August 2, 2010, this Court adopted without objection a Report and Recommendation by Magistrate Judge Shiva V. Hodges and struck the Answers of Crawley and the Global Defendants. On December 8, 2010, the Court noticed the case for jury selection to take place in January of 2011, since a determination of damages was needed, and the plaintiff had requested a jury

trial. On January 3, 2011, Plaintiff filed a motion for default judgment and waived its request for jury trial. This Court entered a Text Order confirming the waiver of jury trial on January 3, 2011 and also requiring the plaintiff to submit a memorandum and affidavits in support of the amount of damages and fees requested by Friday, January 7, 2011. Plaintiff filed an affidavit by Jules Taffaha, President of Pacific Capro Industries, on January 7, 2011. No memorandum was filed in support of the motion; nor was an affidavit filed by counsel in support of the request for attorney's fees.

This Court issued an order granting the motion for default judgment on January 20, 2011. The Court found the plaintiff was entitled to actual damages of $91,670 for the value of missing goods and expenses of "re-packing, re-bundling, and re-palletizing recovered goods," based on the affidavit by the plaintiff's president, Mr. Taffaha. However, the damage award was reduced by $25,000 which was paid by certain defendants who had been dismissed from the lawsuit. Therefore, the Court awarded actual damages of $66,670. The Court denied the request for treble damages and attorney fees for violation of the South Carolina Unfair Trade Practices Act on the basis that the damages set forth in the affidavit presented to the Court were for the value of the missing goods and the expenses of re-packing the recovered goods and not damages for the unfair trade practices claim, which was based on deceptive statements regarding storage rates. In addition, the Court denied the request for attorney's fees on the basis that the plaintiff had failed to submit an affidavit by counsel and had failed to comply with Local Rule 54.02 and *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978).

On March 29, 2011, the plaintiff filed a "Motion for Relief" pursuant to Fed. R. Civ. P. 60(a) in which it alleged that the Court erroneously omitted pre-judgment interest from the calculation of actual damages and overlooked evidence of damages relating to the Unfair Trade Practices claim. This Court issued an order on April 1, 2011 denying the motion. (Docket Entry # 142).

Now, almost a year after the order granting the motion for default judgment, the plaintiff has filed the motion presently before the Court on the basis of Rule 60(b). Plaintiff requests the Court to re-open the judgment to allow its counsel to file a belated memorandum of law and affidavit of attorney fees; to award additional actual damages in the amount of $5,918.00 for unfair trade practices upon which attorney fees and treble damages may be awarded; and to award prejudgment interest.

## **ANALYSIS**

At the outset, the Court notes that most of the cases in which a motion is filed to reopen the judgment involve motions by a defaulting party against whom judgment by default has been granted. In this case, the party moving for relief from judgment is the party which obtained the default judgment, who is dissatisfied with the amount of the judgment.[1]

Initially, before the Court may grant a motion to reopen a judgment under Rule 60(b), the moving party must show timeliness, a meritorious defense, lack of unfair prejudice to the opposing party, and exceptional circumstances. *Compton v. Alton S.S.*, 608 F.2d 96, 102 (4th Cir. 1979). Then, if these factors are shown, the moving party must then show at least one of the six grounds for relief under Rule 60(b). Here, the plaintiff proceeds under Rule 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The Court will first analyze the initial factors. As to the factor of timeliness, the plaintiff waited ten (10) months after the entry of the default judgment in January of 2011 to file the motion to reopen

---

[1] Rule 60(b)(1) "is usually invoked by losing defendants rather than, as in this case, a winning plaintiff; but we assume it can be used, in an appropriate case, by such a one." *Western Transportation Co. v. E. I. Dupont de Nemours and Co.*, 682 F.2d 1233 (7th Cir. 1982)(finding that "[i]f Western's consultant or attorneys had spent just a few more hours checking their computations before . . . the judgment was entered, rather than waiting till after judgment was entered to do so, they would have been able to increase the judgment by more than $27,000.")

in November of 2011. Plaintiff gives no reason for the delay and the Court finds Plaintiff failed to act promptly. Even the delay from April of 2011, when the order denying the Rule 60(a) motion was filed, until November of 2011 does not appear to be reasonable. The factor of a meritorious defense does not apply here, as this factor relates to whether a defendant should be relieved of a judgment against it. The factor of prejudice to the opposing party is arguably not important here since the defendants have failed to comply with orders by the Court and their answers have been stricken as a sanction. Finally, the plaintiff attempts to show exceptional circumstances by arguing that the party should not be penalized by the mistakes of its counsel. Plaintiff has not cited the court to any case finding exceptional circumstances based on an attorney failing to file an affidavit in support of a request for attorney's fees; failing to request prejudgment interest; or failing to file a legal memorandum. Nor has Plaintiff directed the Court to any case finding exceptional circumstances in which a party has failed to include in an affidavit the damages relating to the claim (here, UTPA) upon which an award of attorney's fees and treble damages would have been based. This case does not present a situation contemplated by the rule.

However, even assuming that the initial factors discussed above are satisfied, the plaintiff has not shown mistake, inadvertence, or excusable neglect under Rule 60(b)(1). "When the party is blameless and the attorney is at fault, the former interests control (preference for trial on the merits instead of default judgments) and a default judgment should ordinarily be set aside. When the party is at fault, the latter interests (need for finality) dominate and the party must adequately defend its conduct in order to show excusable neglect." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., Inc*., 843 F.2d 808, 811 (4th Cir. 1988). Here, both the attorney and the client are at fault. The lawyer did not file a memorandum in support of the motion for default judgment or an affidavit in support of an attorney's fee award. Additionally, the lawyer did not request prejudgment interest in

the Complaint or in the motion for default judgment. The President of Pacific Capro Industries, Mr. Jules Teffaha, signed an affidavit which only claimed actual damages of $91,670.00.[2] Although Mr. Teffaha requested treble damages for alleged unfair trade practices, he did not set forth the amount of any actual damages for the unfair trade practices claim.[3] Nor did he request any award of interest. Therefore, Capro is not a blameless party who is being disadvantaged by the mistakes of his attorney.

The phrase "excusable neglect" was interpreted by the Supreme Court after *Augusta* in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). In *Pioneer*, the court construed the phrase as used in a bankruptcy court rule regarding late filings of claims. The Court defined "neglect" to include "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 388. The court defined "excusable" as "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.at 395. The court found it appropriate to hold a client accountable for the mistakes of its counsel, stating that the party "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed

---

[2] Plaintiffs received a settlement in the amount of $25,000 from two defendants who have been dismissed from the action, so that amount was deducted from the actual damage award in this Court's order.

[3] Plaintiff's counsel acknowledges that Teffaha in his previous affidavit omitted the amount claimed relating to the UTPA claim. (Docket Entry # 146-1, p.8).

bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'(citing *Link v. Wabash R. Co*., 370 U.S. 626, 633-634 (1962) and *Smith v. Ayer*, 101 U.S. 320 (1880). In *Pioneer*, the court held that "in determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." 507 U.S. at 397, emphasis in original. The Supreme Court referred to the use of the term "excusable neglect" in other civil rules including Rule 60(b)(1).

     The Fourth Circuit applied the *Pioneer* definition of "excusable neglect" in *Thompson v. E. I. Dupont de Nemours & Co., Inc*., 76 F.3d 530 (4th Cir. 1996), a case involving the untimely filing of a notice of appeal. The Fourth Circuit specifically noted that a client is held accountable for the mistakes of its counsel, and found the district court did not abuse its discretion in concluding excusable neglect had not been shown. In *Thompson*, the attorney deposited the notice of appeal in the mail but failed to check to make sure that the notice was received by the appellate court on time. The court found "the neglect at issue in this case is nothing more than inexcusable run-of-the-mill inattentiveness by counsel." 76 F.3d at 535. *See also, Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403 (4th Cir. 2010)(Attorney's computer problems which resulted in his failing to receive filings from the district court's electronic filing system did not constitute excusable neglect. "This court has held that 'a lawyer's ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b)."[citing *Evans v. United Life & Accident Ins. Co*., 871 F.2d 466, 472 (4th Cir. 1989]).[4]

---

[4] In an unpublished case, the Fourth Circuit found that *Augusta* applied to a motion for relief by a defaulting party and that *Pioneer* applied to dismissal of a complaint for failure to follow the local rules of the court and for failure to prosecute. *See Point PCS, LLC v. Sea Haven Realty and Construction*, 95 Fed. Appx. 24 (4th Cir. 2004). In the case at bar, the plaintiff is not entitled to relief under the rationale of either *Augusta* or *Pioneer*.

On the basis of the above authorities, the plaintiff has not shown excusable neglect. Neither the plaintiff nor its attorney has given any reason at all for the failure to file appropriate documents with the Court with the Motion for Default Judgment. Therefore, the neglect by the plaintiff and its counsel was not excusable.

Plaintiff asserts that the Court should reopen the judgment to consider the allegation in the corrected affidavit of Mr. Teffaha that Capro sustained damages for unfair trade practices in the amount of $5918.00. However, in addition to the reasons set forth above to deny the motion, the Court notes that the amount now claimed is different from the amount previously requested in the motion made to correct the judgment. In that motion, Plaintiff requested the court to recalculate the damages award to include compensation for $7500 relating to the deceptive storage rates. This appears to be inconsistent with the $5918 that is now being requested.

Plaintiff also requests that the default judgment be opened for an award of prejudgment interest. However, no request for prejudgment interest was made in the Complaint, motion for default judgment, initial affidavit of Mr. Teffaha, or in any Rule 59(e) motion. Such a request is not appropriate when made for the first time in a motion made pursuant to Rule 60(b)(1).[5]

Finally, the plaintiff requests the Court to reopen the judgment to consider its newly filed attorney's affidavit regarding attorney fees. First, the Court has denied the request to reopen to consider the party's corrected affidavit regarding damages for unfair trade practices. Therefore, no basis exists to consider a request for attorney's fees. Additionally, even if the court was to consider the attorney fee affidavit, it still does not provide the Court with any detailed information about the services

---

[5] A postjudgment motion for prejudgment interest is governed by Fed. R. Civ. P. 59(e) because it is part of the compensation allegedly due the plaintiff. *Kosnoski v. Howley*, 33 F.3d 376 (4th Cir. 1994).

rendered. It merely states the total amount paid ($63,198.34); that during the course of this lawsuit and a previous lawsuit with related claims the lawyers and staff of the firm spent 441.80 hours on the matter; and gives a range of hourly rates for partners, associates, and paralegals. No itemization is provided as to the work performed and the time spent on each task.[6]

For the foregoing reasons, the motion to reopen is denied.

**AND IT IS SO ORDERED**.

                                                      s/ R. Bryan Harwell
                                                     R. BRYAN HARWELL
                                                     UNITED STATES DISTRICT JUDGE

December 16, 2011
Florence, South Carolina

---

[6] The affidavit mentions that the fees charged reflect customary fees charged in South Carolina. However, no affidavit is provided from an attorney from another firm to establish the prevailing rates in the community. *See Robinson v. Equifax Information Services, LLC*, 560 F.3d 235 (4th Cir. 2009).